UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

MIGUEL MAINEGRA-REYES,              )
                                    )
                                    )
v.                                  )          No.    1:07-cr-119/1:09-cv-297
                                    )                 *Judge Mattice*
UNITED STATES OF AMERICA            )

## MEMORANDUM

Miguel Mainegra-Reyes ("Mainegra-Reyes") timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court Doc. 70).[1] Mainegra-Reyes argues his conviction and sentence for aggravated identity theft are invalid in light of *Flores-Figueroa v. United States*, 556 U.S. 646 (2009)−decided approximately two months after his judgment became final.[2] Mainegra-Reyes contends the United States failed to prove he knew the credit card numbers used in his scheme belonged to an actual person (Criminal Court Docs. 70, & 71). The Government opposes the motion, arguing, *inter alia,* the record demonstrates Mainegra-Reyes knew the credit cards he used in his scheme belonged to actual people (Criminal Court Docs. 78).

The motion, together with the files and record in this case, conclusively show Mainegra-Reyes is entitled to no relief under 28 U.S.C. § 2255. For the reasons which

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2]     *Flores-Figueroa v. United States* resolved a circuit split on the issue of whether § 1028A required a defendant to know the information he misused belong to a real person rather than just being fake information. The Supreme Court concluded § 1028A requires the government to prove a defendant knows the identifying information he misuses belongs to a real person. *Id.* at 657.

follow, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993), and concludes Mainegra-Reyes § 2255 motion will be **DENIED** for lack of merit (Criminal Court Doc. 70). In addition, Mainegra-Reyes' motion to correct his sentence under 18 U.S.C. § 3582 in light of *Flores-Figueroa v. United States,* is a duplicate of a previously filed motion (Criminal Doc. 68) which the Court denied (Criminal Doc. 69), and therefore, will be **DENIED** (Criminal Doc. 72).

## I.    Procedural Background

On September 25, 2007, a grand jury for the Eastern District of Tennessee, Chattanooga Division, filed an eleven count indictment charging Mainegra-Reyes and his co-defendant, Maurice Smith, with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371 (Count One) and other related offenses. Specifically, Counts Two and Three charged them with aiding and abetting wire fraud involving interstate wire transfers, in violation of 18 U.S.C. §§ 1343 and 2; Counts Four through Eight charged that, being aided and abetted by the other and others, during and in relation to the crime of wire fraud, Mainegra-Reyes and his co-defendant knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit, a VISA credit card number in violation of 18 U.S.C. § 1028A; Count Nine charged them with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and Counts Ten and Eleven charged them with aiding and abetting money laundering using funds from wire fraud, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(1) and 2 (Criminal Court Doc. 1).

After initially entering a not guilty plea to each count of the indictment, Mainegra-Reyes chose to plead guilty to Counts One and Four pursuant to the terms of a written plea agreement with the government on April 7, 2008 (Criminal Court Doc. 38, Minute entry of initial appearance; Doc. 113, Minute entry of plea proceeding). As part of the plea agreement, the remaining counts were ultimately dismissed at his February 9, 2009, sentencing hearing (Criminal Court Doc. 36-Plea Agreement; Doc.63, Minute entry from sentencing).

The 2007 United States Sentencing Guidelines were used to calculate Mainegra-Reyes offense level in his presentence investigation report ("PSR"). The base offense level was six, based on United States Sentencing Guidelines ("USSG") § 2B1.1(a)(2). The offense level was increased by eight, pursuant to USSG § 2B1.1(b)(1)(E), because the loss amount was $82,435.57. In addition, the offense level was increased by two levels pursuant to § 2B1.1(b)(2)(A)(i),because there were 10 or more victims, and by two more levels under USSG § 2B1.1(b)(10)(A)(ii) because the offense "involved the possession or use of an authentication feature, such as a credit card account number." (Presentence Report "PSR" ¶ 26). Thus, Mainegra-Reyes' adjusted offense level was 18. After a three-level reduction for acceptance of responsibility, his total offense level was 15. Mainegra-Reyes had three criminal history points, placing him in a criminal history category of II. As a level 15/category II offender, Mainegra-Reyes' advisory Guidelines range was 21 to 27 months, but due to the mandatory and consecutive sentence of two years on Court Four, the effective range was 45 to 51 months.

The Court sentenced Mainegra-Reyes to 45 months of incarceration (Criminal Court Doc. 64). Mainegra-Reyes' did not pursue a direct appeal but he subsequently filed this timely § 2255 motion (Criminal Court Doc. 70).

## II. Standard of Review

This Court must vacate and set aside a sentence if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, . . ." 28 U.S.C. § 2255.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). Relief for a nonconstitutional error requires a

showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

## III. Facts

The following pertinent facts are taken from paragraph four of Mainegra-Reyes' plea agreement:

> 4. . . .
>
> The scheme involved the acquisition of *valid MasterCard access device numbers by defendant, Miguel Mainegra-Reyes*, Miguel Puella Chambers, and others. Other members of the scheme used these numbers to manufacture credit cards without lawful authority, *using numbers which were issued to unrelated individuals*, which were then sold to others, including Maurice Smith. The credit cards were then used to buy gift cards from Lowe's, Sears, Circuit City, and other businesses. At the point of sale, the merchant sought and received transaction approval by electronic transmission from outside the state of Tennessee. The gift cards were in turn used to purchase merchandise, which was sold. The defendant and others met in Chattanooga, Tennessee, in the Eastern District of Tennessee, to discuss and agree upon the scheme. On or about December 18, 2006, one of the defendant's coconspirators *knowingly used and possessed a credit card bearing the name of Brian Smith* at a Lowe's store in Hixson, Tennessee to purchase merchandise and a gift card in the total amount of $621.63.
>
> On or about November 30, 2006, at the Lowe's Hixson Pike Store in Chattanooga, Tennessee, a coconspirator knowingly used a fraudulent MasterCard credit card to make a purchase in the amount of $1,965.41. *The credit card used for the transaction used a number that in fact had already been legitimately issued to another person* and said number was used without the rightful holder's permission. At the point of sale, approval for the transaction was electronically transmitted from outside the State of Tennessee to the Lowe's Hixson Pike store.

(Criminal Court Doc. 36, pp. 2-4) (emphasis added).

**IV.  Analysis**

Relying upon *Flores-Figueroa v. United* States, 556 U.S. 646 (2009) Mainegra-Reyes contends he is entitled to relief under 28 U.S.C. § 2255 because "the record does not establish that defendant . . .had the requisite knowledge to be convicted of Aggravated Identity Theft based on the recent ruling of the Supreme Court." (Criminal Court Doc. 70, p. 4).  Mainegra-Reyes, however, waived his right to raise this claim in his plea agreement with the government (Criminal Doc. 36, Paragraph 14(b)).

**A.  Waiver in Plea Agreement**

The right to appeal and the right to seek post-conviction relief are statutory rights that may be waived.  A knowing and voluntary waiver in a plea agreement not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 is an effective means to bar such relief.  *United States v. Toth,* 668 F.3d 374, 378-79 (6th Cir. 2012); *Palmero v. United States*, 101 F.3d 702 (6th Cir., Nov. 21, 1996) (unpublished table decision) 1996 WL 678222, at *2;  *United States v. Bazzi*, 94 F.3d 1025, 1028 (6th Cir. 1996); *United States v. Ashe*, 47 F.3d 770, 775 (6th Cir.), *cert. denied*, 516 U.S. 859 (1995);  *United States v. Wilkes*, 20 F.3d 651 (5th Cir. 1994).    Thus, Mainegra-Reyes' claim is barred because the waiver contained in his plea agreement is sufficient to bar relief in this case.  Specifically, the plea agreement provided that:

> [T]he defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the conviction(s) and/or resulting sentence.  The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

(Criminal Doc. 36, Paragraph 14(b)).

Mainegra-Reyes is bound by his plea agreement wherein he expressly waived "the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the conviction(s) and/or resulting sentence[,]" on any ground, other than "ineffective assistance of counsel or prosecutorial misconduct not known to defendant by the time of the entry of judgment." (Criminal Doc. 36, Paragraph 14(b)). The Sixth Circuit has determined that a criminal defendant may waive "'any right, even a constitutional right' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001) (citing, *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995), *cert. denied sub nom. Daughtrey v. United States*, 516 U.S. 859 (1995)). Thus, plea agreements that include waivers of § 2255 rights are generally enforceable if the defendant entered into the waiver agreement knowingly, intelligently, and voluntarily. *In re Acosta,* 480 F.3d 421, 422-23 (6th Cir. 2007); *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001); *also see Watson v. United States*, 165 F.3d 486, 489 N. 4 (6th Cir. 1999).

Mainegra-Reyes does not claim nor does the record indicate that he did not knowingly, intelligently, and voluntarily waive his § 2255 rights. Accordingly, since Mainegra-Reyes claim is not covered by any of the grounds reserved by him in the plea agreement, he has waived his right to bring this claim.

Assuming arguendo Mainegra-Reyes could show that the waiver in his plea agreement was not voluntary and that *Flores-Figueroa v. United States* is retroactively applicable is to his case, the Court nevertheless concludes Mainegra-Reyes claim is without merit. As discussed below, Mainegra-Reyes admission in his plea agreement that "[t]he scheme involved the acquisition of valid MasterCard access device numbers

by defendant, Miguel Mainegra-Reyes. . . ." and his further admission that "[t]he credit card used for the transaction used a number that in fact had already been legitimately issued to another person and said number was used without the rightful holder's permission[,]" meets the *Flores-Figueroa* requirement that he knew the credit card and access devices belonged to another person (Criminal Doc. 36, Paragraph 4, p. 4).

### B.     Aggravated Identity Theft

Mainegra-Reyes claims his conviction and sentence for aggravated identity theft are invalid in light of *Flores-Figueroa v. United States*, alleging the United States failed to prove he knew the credit card numbers used in his scheme belonged to an actual person (Criminal Docs. 70 & 71). Although Mainegra-Reyes fails to specify whether his claim−that the record does not establish he had the requisite knowledge to be convicted of aggravated identity theft, as defined in *Flores-Figueroa v. United States*−is an attack on the sufficiency of the evidence or the voluntariness of his plea, under either theory, the claim should have been litigated on direct appeal and, therefore is procedurally defaulted.

#### 1.     *Procedural Default*

In *Bousely v. United States,* 523 U.S. 614 (1998), the Supreme Court explained the procedure for analyzing a collateral attack on a conviction in light of a retroactive Supreme Court decision. In that case, the Supreme Court held that *Bailey v. United States,* 516 U.S. 137, 143 (1995) (holding that in a 18 U.S.C. § 924(c)(1) charge, the term "use" does not extend to a defendant's mere possession of a firearm, but instead means "active employment" of the firearm), should be applied on collateral review.  The basis for such a collateral attack was that petitioner's guilty plea was unintelligent

because he was not informed of the proper definition of the word "use" as it applied to his § 924(c)(1) charge, and therefore did not know the true nature of the charge against him. *Bousely v. United States,* 523 U.S. at 618-19. The *Bousley* Court explained that generally, a petitioner may succeed on a collateral attack of a conviction in light of a retroactive Supreme Court decision, even though he failed to bring a direct attack on his guilty plea, only where he can demonstrate cause and prejudice for his procedural default or the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." *Id.* at 622-23 (internal punctuation and citation omitted). In other words, to meet his burden of proof on a factual innocence claim, a petitioner must show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (quoting *Schlup v Delo*, 513 U.S. 298, 327-28).

Applying the *Bousely* analysis here (even though the Supreme Court has not ruled the *Flores-Figueroa* decision is retroactively applicable to cases on collateral review), the Court first observes that unlike *Bousley*, Mainegra-Reyes does not claim he was misinformed of the elements of the crime to which he pleaded guilty, i.e. Aggravated Identity Theft, 18 U.S.C. § 1028A. Rather, Mainegra-Reyes claims a later judicial decision, that resolved a circuit split, wherein the Supreme Court interpreted § 1028A to mean the government must prove a defendant knew the "means of identification" unlawfully transferred, possessed, or used belong to another person, renders the evidence presented in his plea agreement insufficient to support his conviction. Whether this is an unknowing-involuntary-and-unintelligent-plea claim or an Insufficient-evidence claim, Mainegra-Reyes must first demonstrate his procedural default should be excused.

### a.     <u>Cause and Prejudice to Excuse Procedural Default</u>

Although procedurally it appears Mainegra-Reyes finds himself in a situation similar to Bousely's, unlike Bousley, he does not present any arguments to excuse his procedural default. Like Bousley, Mainegra-Reyes is unable to demonstrate cause and prejudice to excuse his procedural default, because this is not a novel issue, as the Supreme Court's decision was resolving a circuit split. Therefore, Mainegra-Reyes was free to bring a *Flores-Figueroa v. United States*−type statutory interpretation claim on direct appeal−a proceeding which offered him an adequate and effective means for testing such an argument; just as Flores-Figueroa did. Thus, Mainegra-Reyes cannot demonstrate cause and prejudice to excuse his procedural default.

### b.     <u>Actual Innocence to Excuse Procedural Default</u>

Mainegra-Reyes argues "the record does not establish that defendant knew of . . . the requisite knowledge to be convicted of Aggravated Identity theft based on the recent ruling of the Supreme Court." (Criminal Doc. 70, p. 4). Thus, as the Court understands, Mainegra-Reyes is actually arguing the evidence is insufficient; an argument that does not equate to actual innocence, and that likewise is procedurally defaulted since it was not raised on appeal. *See United States v. Osborne*, 415 F.2d 1021, 1024 (6th Cir.1969) ("Moreover, we have repeatedly held that the sufficiency of the evidence to support a conviction may not be collaterally reviewed on a Section 2255 proceeding."), *cert. denied*, 396 U.S. 1015 (1970). Nevertheless, the Court will address actual innocence.

To prove actual innocence, a § 2255 movant must demonstrate his factual innocence and not mere legal insufficiency. *Bousley v. United States*, 523 U.S. at 623.

"To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate actual innocence as a gateway to permit a court to reach a defaulted claim, a § 2255 movant is required to present new evidence of his innocence that establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup*, 513 U.S. at 324.

Thus, to show actual innocence, Mainegra-Reyes must show that he is factually innocent; mere legal insufficiency of the evidence is not enough. *Bousley*, 523 U.S. at 623. Here, not only does Mainegra-Reyes fail to address his procedural default, his claim of actual innocence is not a claim of factual innocence, but rather, a transparent attack on the sufficiency of the evidence. The only argument Mainegra-Reyes makes in his § 2255 motion and supporting brief is that *Flores-Figueroa* requires the Court to dismiss his aggravated identity theft conviction because "the record does not establish that defendant knew or had the requisite knowledge to be convicted of aggravated identity theft based upon the May 4, 2009 Supreme Court interpretation." (Criminal Doc. 71). Aside from Mainegra-Reyes' assertion being incorrect, as previously explained, a claim of insufficient evidence does not equate to actual innocence.

Nevertheless, whether the Court considers Mainegra-Reyes argument as a "gateway" actual innocence argument to excuse his procedural default of a claim that

his plea was unknowing and unintelligent or that the evidence was insufficient, he has not raised a proper actual innocence claim under any circumstance to excuse his procedural default.

Mainegra-Reyes' failure to offer any new evidence to attempt to establish his actual innocence is fatal to his claim. Mainegra-Reyes' only reference to actual innocence is in his reply to the government's response, wherein he explains that, "as to the issue of Actual Innocence" he is attaching two district court opinions, one from Virginia and one from Maryland, both of which granted relief based on *Flores-Figueroa* (Criminal Doc. 80). Unlike Mainegra-Reyes' case, in both district court cases he references, the government conceded the movants were entitled to relief since the factual stipulations in the underlying criminal cases did not include a statement that the movant knew he was using identification belonging to another or any facts demonstrating the movants in those two cases knew the identification documents belonged to another individual. Not only is Mainegra-Reyes' reliance on these two cases misplaced, these opinions do not constitute new reliable evidence (defined as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that is not presented at trial), as required to demonstrate his claim of innocence is based on factual innocence and not mere legal insufficiency. *See Bousley*, 523 U.S. at 623.

In sum, Mainegra-Reyes has not presented any new reliable evidence that would establish his factual innocence. Rather, he merely attacks the evidence presented in his underlying criminal proceedings, claiming it is insufficient. Therefore, because Mainegra-Reyes has not supported his presumed allegation of actual innocence with

new reliable evidence, and he has not demonstrated "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," *Schlup*, 513 U.S. at 327, he has not met the standard for establishing a gateway innocence claim to excuse his procedural default. Submission of an attack on the evidence from his underlying criminal proceeding simply does not provide a sufficient basis to collaterally attack his guilty plea.

Because Mainegra-Reyes has failed to establish his actual innocence, he is not entitled to any relief on this claim. Accordingly, Mainegra-Reyes has failed to overcome his procedural default, as he has not met his burden of demonstrating he was actually innocent of aggravated identify theft.

2.     *Meritless Claim*

Assuming for the sake of discussion that Mainegra-Reyes' claim was not procedurally defaulted and that *Flores-Figueroa* is retroactively applicable, the record contains an adequate factual basis for Mainegra-Reyes' conviction for aggravated identity theft. The *Flores-Figueroa* Court explained that "in the classic case of identity theft, intent is generally not difficult to prove." *Id.* at 656. Here, the facts Mainegra-Reyes stipulated to in his plea agreement demonstrate his crime qualifies as a "classic case of identity theft" as he and his co-conspirators obtained and misused credit card information to obtain money and merchandise. *Short v. United States*, No. 4:08-cv-1786, 2010 WL 411103, at *6-7 (E.D. Mo. Jan. 28, 2010) (rejecting actual innocence claim where petitioner engaged in a "classic case of identity theft," i.e., used credit applications to open new credit accounts using others identities; emphasizing that "he knew that the credit applications belonged to other people; he did not come up with the

information out of thin air, like an illegal immigrant might do when coming up with a social security number").  To meet its burden of proof, "the government can rely on circumstantial evidence about an offender's misuse of a victim's identity to prove the offender knew the identity belong to a real person." *United States v. Gomez-Castro,* 605 F.3d 1245, 1249 (11th Cir. 2010); *see also United States v. Holmes,* 595 F.3d 1255, 1258 (11th Cir. 2010) ("[A] reasonable jury could have found Holmes would not have sought credit using Overton's personal information if Holmes were not confident that Overton likely had an actual credit history").  As explained below, the record sufficiently demonstrates Mainegra-Reyes had the requisite knowledge to support his aggravated identity theft conviction.

First, Mainegra-Reyes was charged and pleaded guilty to *knowingly* and intentionally conspiring, with his co-defendant and others, to devise and execute a scheme and artifice to defraud others by means of wire communication in violation of 18 U.S. c. § 1341; *and* during and in relation to a wire fraud scheme, *knowingly* transfer, possess and use, without lawful authority, a means of identification *of another person* in violation of 18 U.S.C. § 1028A.  In addition, the conspiracy count to which Mainegra-Reyes pleaded guilty specified he personally obtained fraudulent credit cards that had valid numbers from a source in Florida.  This admission, in and of itself demonstrates Mainegra-Reyes knew the credit cards belonged to other people since a valid credit card number is only usable if it belongs to a person.  Moreover, Mainegra-Reyes admission that in furtherance of the conspiracy "the defendants did use and possess a credit card bearing the name of Brian Smith . . . "  further demonstrates his knowledge that the credit card belonged to another person (Criminal Doc. 1, p. 3).  There is no

question Mainegra-Reyes knew the credit card numbers he obtained belonged to other people.

Second, Mainegra-Reyes pleaded guilty to aggravated identity theft in violation of 18 U.S.C. §1028A charging him and his co-defendant with aiding and abetting each other in *knowingly* transferring, possessing and using, "without lawful authority, *a means of identification of another per*son, to wit, a VISA credit card number at a Lowe's store" at several locations in the Tennessee area (Criminal Doc. 1, p. 5) (emphasis added).

Third, Mainegra-Reyes admitted in his signed plea agreement that the credit card used in the Lowe's Hixson Pike Store, "*used a number that in fact had already been legitimately issued to another person* and said number was used without the rightful holder's permission." (Criminal Doc. 36, p. 4) (emphasis added). And finally, Mainegra-Reyes' plea agreement provides other evidence indicating he knew the identification belonged to another person. The plea agreement provides in pertinent part:

3.  The defendant has read the Indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant Agrees that each of the following elements of the crime(s) must be Proved beyond a reasonable doubt:

    . . .

    b)   The elements of aggravated identity theft are:

         1.)  The defendant knowingly used or possessed;
         2.)  *A means of identification of another* (which includes credit card numbers and access devices);
         3.)  During and in relation to the felony offense of wire fraud.

    . . .

4.      In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts which satisfy these elements. These are the facts submitted for the defendant's guilty plea. . . .

The scheme involved the *acquisition of valid MasterCard access device numbers by the defendant, Miguel Mainegra-Reyes*, Miguel Puella Chambers, and others. Other members of the scheme used these numbers to manufacture credit cards without lawful authority, *using numbers which were issued to unrelated individuals* Which were sold to others, including Maurice Smith. The credit cards were then used to buy gift cards from Lowe's, Sears, Circuit City, and other businesses. . . . On or about December 18, 2006, one of the defendant's coconspirators knowingly used and possessed a credit card bearing the name of Brian Smith at a Lowe's store in Hixson, Tennessee, to purchase merchandise and a gift card in the total amount of $621.63.

On or about November 30, 2006, at the Lowe's Hixson Pike Store In Chattanooga, Tennessee, a coconspirator knowingly used a fraudulent MasterCard credit card to make a purchase in the amount of $1,965.41. The credit card used for the transaction *used a number that in fact had already been legitimately issued to another person and said number was used without the rightful owner's permission*. . . .

(Criminal Doc. 36) (emphasis added).

While Mainegra-Reyes may not have explicitly stated he knew that the fraudulent credit cards utilized identities belonging to real persons, taken as a whole, the record, including the stipulations entered into by Mainegra-Reyes in his written plea agreement, contains ample evidence demonstrating he knew the credit cards used identities belonging to real people and from which a trier of fact could conclude there was a factual basis establishing Mainegra-Reyes' knowledge that the fraudulent credit cards utilized identities belonging to real persons. Indeed, as required by Federal Rule of Criminal Procedure 11(b)(3), during Mainegra-Reyes' criminal proceeding hearings the Court determined the factual conduct to which Mainegra-Reyes admitted was sufficient, as a matter of

law, to constitute a violation of the aggravated identify statute before accepting his guilty plea. In other words, the Court concluded, during Mainegra-Reyes' criminal proceedings, that the stipulated factual basis for his plea demonstrated he knew the credit cards utilized identities belonging to real persons.

Given the record, any reasonable juror would conclude Mainegra-Reyes knew the information he was stealing belonged to real persons. *See Dolan v. United States,* No. 3:09-cv-893, 2009 WL 2852988, *7 (D. Conn. Sept. 2, 2009) ("There would be no point in taking financial information from a non-existent being when the purpose of the scheme was to use [that information] to access existing credit or funds"). Accordingly, because the record demonstrates Mainegra-Reyes had the requisite knowledge to support his aggravated identity theft conviction pursuit to 18 U.S.C. § 1028A, as interpreted by *Flores-Figueroa,* his § 2255 will be **DENIED** and his § 2255 case will be **DISMISSED**.

## V. Conclusion

For the reasons set forth above, Mainegra-Reyes' conviction and sentences are not in violation of the Constitution or laws of the United States. Accordingly, Mainegra-Reyes' claims do not entitle him to § 2255 relief, thus his § 2255 motion will be **DENIED WITH PREJUDICE** and this action will be **DISMISSED** (Criminal Doc. 70), and his 18 U.S.C. § 3582 will be **DENIED** (Criminal Doc. 72).

A separate judgment order will enter.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
